ROBERT W. PROSSER, RESPONDENT, *v.* FRANCIS O. MATTHIESSEN AND OTHERS, APPELLANTS.

*Defect of parties defendant — when a plea setting up the defect is sufficient — it need not allege that the parties named are living and within the jurisdiction of the court.*

APPEAL from an interlocutory judgment, entered upon an order sustaining a demurrer interposed to one of the defenses set up in the answer.

This is an action against stockholders of a manufacturing corporation for the recovery of the amount due on a judgment obtained against the company by the plaintiff for labor and services. Among other defenses set up in the answer the defendants interposed a plea

in abatement in the following language: "And for a further defense defendants allege that they are advised and verily believe that there is a defect of parties defendant herein, in that the plaintiff has failed to join as defendants the following stockholders of said S. O. Rockwell Manufacturing Company, to wit: Samuel O. Rockwell and John Balmore.

The plaintiff demurred to this defense on the ground that it was insufficient in law on its face, and judgment was ordered in his favor thereon.

The court at General Term said: "The specific objection seems to be that the allegation is on belief and does not state that the parties omitted are living and within the jurisdiction of the court.

"We are now working under a system of pleading and practice which requires courts to disregard errors and defects in pleadings or other proceedings which do not affect the substantial rights of the adverse party in every stage of the action; and here we have a pleading which states in plain language a defect of parties defendant in this action, and that the plaintiff has failed to join as defendants two persons who are stockholders in the company and whose names are given. Under this plea the court on the trial would admit testimony to prove the facts set up, and that is a fair test of its sufficiency.

"It would be idle for the defendants to claim that they are misled or that their substantial rights are affected by the omission to state that these persons named are alive and within the jurisdiction of the court. If they are stockholders and ought to be parties to this action they are alive, and it is quite immaterial where they are. They can certainly be brought under the jurisdiction of the court by some of the modes of service provided by the present system. We have long since cut adrift from technical rules of pleading, and it is hardly worth while to return now."

GILBERT, J., dissented on the ground that the liability is several. (2 R. S. [6th ed.], 504, § 38.)

*Leon Abbett,* for the appellants.

*A. C. Aubery,* for the respondent.

Opinion by DYKMAN, J.; BARNARD, P. J., concurred.

Order sustaining demurrer to tenth defense of defendants' answer reversed, with costs, and plaintiff permitted to reply, if so advised, on payment of twenty dollars costs.